MevRam Servs., LLC v Quadrum Hospitality Group, LLC (2025 NY Slip Op 03533)

MevRam Servs., LLC v Quadrum Hospitality Group, LLC

2025 NY Slip Op 03533

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Manzanet-Daniels, J.P., Friedman, Scarpulla, Shulman, Rosado, JJ. 

Index No. 652871/23|Appeal No. 4551|Case No. 2024-03042|

[*1]MevRam Services, LLC, Plaintiff-Respondent,
v
Quadrum Hospitality Group, LLC et al., Defendants-Appellants.

Kaufman Borgeest & Ryan LLP, Valhalla (Robyn Silvermintz of counsel), for appellants.
McDermott Will & Emery LLP, New York (Timothy C. Cramton of counsel), for respondent.

Order, Supreme Court, New York County (James E. D'Auguste, J.), entered on or about April 9, 2024, which denied the motion of defendants Quadrum Hospitality Group, LLC, Arlo Soho, LLC, Arlo Nomad, LLC, and Arlo Midtown, LLC to dismiss plaintiff's claims related to the "no-poaching" provisions of the parties' contracts, unanimously affirmed, with costs.
The court properly denied defendants' CPLR 3211(a)(7) motion for partial dismissal. The no-poaching provision in the staffing agreements at issue here, pursuant to which plaintiff furnished employees for the three Arlo hotels, and which prohibited defendants from hiring away those employees during the term of the agreements and for 90 days thereafter, does not violate the New York City Displaced Building Service Workers Protection Act (DBSWPA) (Administrative Code of City of NY § 22-505[a]). Assuming the DBSWPA applied to the hotel employees at issue, who are presumed to be "building service workers" (Administrative Code § 22-505[b][2]), plaintiff properly pleaded that those employees were not displaced by any change in management of the hotel. Here, plaintiff alleges that the employees remained employed at the hotels, but defendants allegedly hired them through another staffing company. Furthermore, under the terms of the no-poaching provision, either the employees would be retained by defendants after plaintiff was properly compensated, or he or she would remain employed and reassigned by plaintiff. Thus, enforcement of the no-poaching provision on the facts alleged here does not implicate or violate the DBSWPA, which is intended to prevent the displacement and unemployment of hotel workers after a change in management of a hotel (see e.g. Guerrero v Club Quarters Mgt. Co., LLC, 74 Misc 3d 224, 227 [Sup Ct, NY County 2021]).
Further, defendants failed to articulate any "countervailing public policy concerns" that would relieve them of the enforcement of an arms-length contract negotiated by sophisticated parties (159 MP Corp. v Redbridge Bedford, LLC, 33 NY3d 353, 359 [2019] [internal quotation marks omitted]). Defendants have also failed to show that the requisite fees under the no-poaching provision are penalties rather than liquidated damages as a matter of law. Plaintiff alleges that the requisite fees reflect compensation for actual losses suffered by plaintiff and "do not clearly disregard the principle of compensation" (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 381 [2005] [internal quotation marks and citation omitted]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025